SHIVERS, Chief Judge.
This is an appeal of the trial court’s order on a petition of dependency. Appellant raises three issues, only one of which warrants discussion. We affirm the order, but remand for clarification or modification.
Following a two-day adjudicatory hearing, the trial court entered an order stating, among other things, “the court does not find dependency and withholds an adjudication on the issue of dependency.” Appellant argues on appeal that a finding of no dependency and a withholding- of adjudication of dependency are mutually exclusive. We agree. Section 39.409, Florida Statutes (1989), entitled “Orders of adjudication,” states as follows:
(1) If the court finds that the child named in a petition is not dependent, it shall enter an order so finding and dismissing the case.
(2) If the court finds that the child named in the petition is dependent, but finds that no action other than supervision in his own home is required, it may enter an order briefly stating the facts upon which its finding is based, but withholding an order of adjudication and placing the child’s home under the supervision of the department....
The trial court in the instant case clearly withheld adjudication on the issue of D.G.’s and P.G.’s dependency, and ordered the parents’ home to be placed under the supervision of the Department. According to the above statute, such a disposition would *1001 require a finding that the children were dependent, but that no action other than home supervision was required. To the extent that the trial court’s order finds that D.G. and P.G. are not dependent, the finding is inconsistent with the court’s withholding of adjudication. We therefore remand this portion of the order for clarification or modification, in accordance with section 39.409(2), Florida Statutes. The remaining portions of the order, ordering the parents to submit to psychological testing, ordering the continued involvement of the previously appointed guardian ad litem, and ordering the parents to participate in voluntary protective services, are hereby affirmed.
AFFIRMED in part, and REMANDED for clarification or modification.
SMITH and NIMMONS, JJ., concur.